UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| EUGENE ERWIN ALLEN, JR., Petitioner, | ) | |
| v. | ) | 1:03-cr-00058-JAW-1 |
| UNITED STATES OF AMERICA, Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner Eugene Erwin Allen, Jr., has moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.[1] (Motion, ECF No 75.) Petitioner has also filed a motion to amend his section 2255 motion. (ECF No. 91.) In Ground One of the section 2255 motion, Petitioner cites *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), as the basis for relief; in Ground Two, Petitioner focuses on his plea; and through his motion to amend, Petitioner seeks to provide additional information regarding his prior convictions.

Petitioner's section 2255 motion is a second or successive motion; Petitioner's first section 2255 motion is docketed at *Allen v. United States*, No. 1:07-cv-00039-JAW. The pending motion concerns the same underlying criminal judgment as the first, which was decided against Petitioner on the merits.[2]

[1] Petitioner was convicted in 2005, following his guilty plea, of interstate transportation of stolen property, 18 U.S.C. § 2314 (Count 1), and of being a felon in possession of firearms and ammunition, 18 U.S.C. §§ 922(g)(1), 924(e) (Count 2). (Judgment, ECF No. 61.) He was sentenced to a term of 120 months on Count 1 and 210 months on Count 2, to be served concurrently, followed by three years and five years of supervised release on Counts 1 and 2, respectively, to be served concurrently. (*Id.* at 2.) Petitioner appealed from the sentence, and in 2006, the First Circuit affirmed the judgment in an unpublished order. (*United States v. Allen*, No. 05-1911 (1st Cir. July 21, 2006).)

[2] The final order in Petitioner's first 28 U.S.C. § 2255 motion is dated May 22, 2007, and is docketed at *Allen v. United States*, No. 1:07-cv-00039-JAW (D. Me. May 22, 2007) (Order on Report and Recommended Decision, ECF No. 9). In *United States v. Allen*, No. 1:03-cr-00058-JAW, the docket entry for the prior section 2255 judgment is dated April

In accordance with 28 U.S.C. § 2255(h), Petitioner has also filed an application in the First Circuit for permission to file a second or successive section 2255 motion. *Allen v. United States*, No. 16-1456 (1st Cir. Apr. 25, 2016). The application is apparently pending; this Court has not received an order from the First Circuit authorizing Petitioner to proceed on the motion in this Court.

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)).

Because the record lacks any evidence that the First Circuit has authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion. First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the Circuit, the district court "will

18, 2007, and indicates that later entries in the section 2255 action could be found under the civil docket number. By order dated April 27, 2007, and docketed at No. 1:07-cv-00039-JAW, the Court granted Petitioner's Fed. R. Civ. P. 60(b) motion for relief and vacated the April 18, 2007, judgment. On May 22, 2007, the Court affirmed the recommended decision.

transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."[3] The issue, therefore, is whether the Court should dismiss or transfer the matter.

Because Petitioner has evidently filed a request with the First Circuit for permission to proceed on a second or successive section 2255 motion, transfer is more appropriate to allow the First Circuit to consider all of Petitioner's submissions related to his claim. *See United States v. Barrett*, 178 F.3d 34, 41 n.1 (1st Cir. 1999) (holding that transfer is not mandated, but noting "that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues"); *In re Watkins*, 810 F.3d 375, 378 (6th Cir. 2015) (noting that the district court had transferred to the circuit court, pursuant to section 1631, a second or successive section 2255 motion containing a claim under *Johnson*, 135 S. Ct. 2551, for the circuit court to consider whether to authorize the motion as a second or successive section 2255 motion).[4]

---

[3] Title 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

First Circuit Rule 22.1(e) states:

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. If the petition is transferred, the petitioner must file a motion meeting the substantive requirements of Loc. R. 22.1(a) within 45 days of the date of notice from the clerk of the court of appeals that said motion is required. If the motion is not timely filed, the court will enter an order denying authorization for the § 2254 or § 2255 petition.

[4] Because the transfer statute, 28 U.S.C. § 1631, specifically provides that the "action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred," the transfer recommendation anticipates that if the First Circuit authorizes Petitioner's second or successive section 2255 motion after the expiration of the one-year limitation period, Petitioner's section 2255 motion would be reinstated to this Court's docket and would be considered to have been timely filed.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court transfer the pending section 2255 motion to the First Circuit, pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1(e). I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of May, 2016.