UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| EUGENE ERWIN ALLEN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:03-cr-00058-JAW |
| | ) | 1:15-cv-00361-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner Eugene Erwin Allen has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 75.) Because Petitioner's motion was a second or successive section 2255 motion, I recommended the Court transfer the case to the First Circuit, pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1, for the First Circuit to decide whether the motion should proceed as a second or successive section 2255 motion. (Recommended Decision, ECF No. 93.) Previously, Petitioner had filed an application in the First Circuit for permission to file a second or successive section 2255 motion;[1] the First Circuit recently denied Petitioner's application. *Allen v. United States*, No. 16-1456 (1st Cir. June 23, 2016). (USCA Judgment, ECF No. 94.)

As the First Circuit has explained, this Court is without jurisdiction to consider Petitioner's second or successive section 2255 motion unless the motion is authorized by an appellate court: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go

---

[1] In anticipation of the filing of a request with the First Circuit for authorization to proceed on a second or successive section 2255 motion, Petitioner moved to stay further proceedings in this Court. (ECF No. 86.) The Court granted the motion. (ECF No. 87.) To the extent the stay is in effect at this time, the stay is lifted.

forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). Because the First Circuit denied Petitioner's request to proceed on a second or successive motion, the Court is without jurisdiction to consider the merits of the motion. *See id.* Petitioner's motion, therefore, should be dismissed.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court (1) dismiss as moot Petitioner's motion to amend the section 2255 motion (Motion to Amend, ECF No. 91); (2) moot the prior recommended decision (Recommended Decision, ECF No. 93); and (3) dismiss Petitioner's section 2255 motion. (Motion, ECF No. 75.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of June, 2016.