UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EUGENE ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) 1:16-cv-00563-JAW |
| | ) |
| JUSTIN ANDREWS and | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondents | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

On July 11, 2016, Petitioner Eugene Allen filed a petition, pursuant to 28 U.S.C. § 2241, in the Eastern District of North Carolina, Western Division.[1] (Petition, ECF No. 1; Order, ECF No. 9.) The North Carolina Court construed the petition as a motion pursuant to 28 U.S.C. § 2255, added the United States as a respondent, and transferred the case to the District of Maine because the motion challenges this Court's sentence in Petitioner's criminal case, docketed under the name Eugene Erwin Allen, Jr., at No. 1:03-cr-00058-JAW. (Order at 1.) The Eastern District of North Carolina determined that Petitioner must seek relief in this Court, or he must seek authorization from the First Circuit Court of Appeals to file a second or successive section 2255 motion. (*Id.* at 4.)

The First Circuit previously denied Petitioner's request, which Petitioner based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), for permission to file a second or successive section 2255 motion to challenge the sentence. *Allen v. United States*, No. 16-1456 (1st Cir. June 23, 2016). On that basis, this Court dismissed a prior section 2255 motion Petitioner filed in this Court.[2]

---

[1] According to the Order of the Eastern District of North Carolina, Western Division, the case is docketed at No. 5:16-HC-02165-F in that Court. (Order, ECF No. 9 at 1.)

[2] The recommended decision, which recommended dismissal of the section 2255 motion, and the order adopting the recommended decision, are docketed at No. 1:03-cr-00058-JAW, ECF Nos. 95, 96, respectively.

In addition to citing *Johnson*, in his pending motion, Petitioner cites the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), as a basis for relief. Petitioner contends that based on *Mathis*, at least some of his prior convictions no longer qualify as predicates under the Armed Career Criminal Act (18 U.S.C. § 924(3)). Petitioner thus argues that his sentence is unlawful.

The Supreme Court decided *Mathis* on June 23, 2016, which was the date of the First Circuit's judgment denying Petitioner's request to file a second or successive motion. Given the date of the *Mathis* decision and the date of the First Circuit decision, Petitioner did not raise and the First Circuit did not address the *Mathis* decision when it denied Petitioner's request to proceed on a second or successive section 2255 motion.

As the First Circuit has explained, this Court is without jurisdiction to consider Petitioner's second or successive section 2255 motion unless the motion is authorized by an appellate court: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). A review of the record reveals Petitioner has not obtained the First Circuit's authorization to file a second or successive motion based on *Mathis*.

Because the record lacks any evidence that the First Circuit has authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion. First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court

"will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."[3] The issue, therefore, is whether the Court should dismiss or transfer the matter.

> Title 28 U.S.C. § 2255 provides:
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In citing *Mathis*, Petitioner presumably maintains he has one year from the date of the *Mathis* decision (June 23, 2016) to file the instant motion. While "transfer may be preferable in some

---

[3] Title 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

First Circuit Rule 22.1(e) states:

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. If the petition is transferred, the petitioner must file a motion meeting the substantive requirements of Loc. R. 22.1(a) within 45 days of the date of notice from the clerk of the court of appeals that said motion is required. If the motion is not timely filed, the court will enter an order denying authorization for the § 2254 or § 2255 petition.

situations in order to deal with statute of limitations problems or certificate of appealability issues," *United States v. Barrett*, 178 F.3d 34, 41 n.1 (1st Cir. 1999), given that Petitioner would have nearly six months to seek permission from the First Circuit if he intends to pursue a second or successive motion, and given that the First Circuit very recently considered and denied a request from Petitioner to file a second or successive motion, dismissal is appropriate. Upon dismissal, Petitioner can assess whether he wants to request the First Circuit's authority to file a second or successive motion and, if so, he can file an appropriate motion with the First Circuit in which he sets forth the bases for his request.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Petitioner's section 2255 motion. (Petition, ECF No. 1.) I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of November, 2016.