UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EUGENE ERWIN ALLEN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:03-cr-00058-JAW |
| | ) 1:15-cv-00361-JAW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner Eugene Erwin Allen has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 115.) After review of the motion and the record in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, I recommend the Court dismiss the motion.

### DISCUSSION

The record establishes that Petitioner's motion is a second or successive motion; Petitioner's first section 2255 motion is docketed at *Allen v. United States*, No. 1:07-cv-00039-JAW. The pending motion concerns the same underlying criminal judgment as the first, which was decided against Petitioner on the merits.[1]

---

[1] The final order in Petitioner's first 28 U.S.C. § 2255 motion is dated May 22, 2007, and is docketed at *Allen v. United States*, No. 1:07-cv-00039-JAW (D. Me. May 22, 2007) (Order on Report and Recommended Decision, ECF No. 9). In *United States v. Allen*, No. 1:03-cr-00058-JAW, the docket entry for the prior section 2255 judgment is dated April 18, 2007, and indicates that later entries in the section 2255 action could be found under the civil docket number. By order dated April 27, 2007, and docketed at No. 1:07-cv-00039-JAW, the Court granted Petitioner's Fed. R. Civ. P. 60(b) motion for relief and vacated the April 18, 2007, judgment. On May 22, 2007, the Court affirmed the recommended decision. Petitioner subsequently filed three additional section 2255 motions. (ECF Nos. 75, 91, 100.)

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h).[2] Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)).

The record lacks any evidence to suggest the First Circuit has authorized Petitioner to file the current section 2255 motion. To the contrary, the First Circuit recently denied Petitioner's application to file a second or successive motion. *Allen v. United States*, No. 16-2517 (1st Cir. April 4, 2017). (USCA Judgment, ECF No. 114.)

---

[2] Section 2255(h) provides that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because the record does not reflect that the First Circuit has authorized Petitioner to proceed on a second or successive motion, the Court is without jurisdiction to consider the merits of the motion. *Trenkler*, 536 F.3d at 96. First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." The issue, therefore, is whether the Court should dismiss or transfer the matter. Given the First Circuit's recent denial of Petitioner's request to file a second or successive petition, dismissal is appropriate.[3]

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, I recommend the Court dismiss Petitioner's section 2255 motion. (Motion, ECF No. 115.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

[3] In support of his section 2255 motion, Petitioner cites the United States Supreme Court's decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 115-1.) Petitioner evidently relied upon the same authority in support of his request of the First Circuit to file a second or successive section 2255 motion. (USCA Judgment, ECF No. 114.)

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of May, 2017.